UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF THE APPLICATION
OF CARSTEN REHDER SCHIFFSMAKLER
UND REEDEREI GMBH & CO.,
    Petitioner,

CASE No.: _____

FOR DISCOVERY IN AID OF FOREIGN
PROCEEDINGS PURSUANT TO 28 U.S.C.
§ 1782

_____/

## EMERGENCY VERIFIED PETITION FOR DISCOVERY IN AID OF
## FOREIGN PROCEEDINGS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Petitioner Carsten Rehder Schiffsmakler und Reederei GmbH & Co. ("Carsten Rehder" or "Petitioner"), by and through its attorneys, Holland & Knight LLP, hereby petitions this Honorable Court for an Order pursuant to Title 28 United States Code Section 1782 permitting discovery in aid of a foreign court proceeding involving Siemens Westinghouse Power Corporation ("Siemens").

I.     **Jurisdiction, Parties & Venue**

    1.    This is a matter within the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and Rule 9(h). Jurisdiction is also proper pursuant to Title 28 United States Code Section 1782 as this application is for discovery involving documents located within the Middle District, discovery necessary to assist Petitioner in its foreign court proceeding.

2. At all times material herein, Carsten Rehder was and is a business entity organized and existing under the laws of Germany with it primary place of business at Grosse Elbstrasse 42, 22767 Hamburg, Germany.

3. Upon information and belief, at all times material herein, Siemens Energy, Inc. a/k/a Siemens Power Generation, Inc. f/k/a Siemens Westinghouse Power Corporation, is incorporated under the laws of the State of Florida and maintains a principal place of business at 4400 Alafaya Trail, Orlando, Florida 32826-2399.

4. Venue in the Middle District is appropriate pursuant to Title 28 United States Code Section 1782 because the discovery is being sought from a corporation within this judicial district, along with the documents being presently in this jurisdiction.

5. Given that the Shanghai Higher Appeals Court has recently set a Court hearing for on or about November 10, 2008 to consider the Carsten Rehder Appeal (as discussed more fully below), Petitioner respectfully submits this Emergency Verified Petition must be handled on an expedited basis. If a United States District Court Judge is unable to consider the application on an expedited basis, Petitioner respectfully requests that the application be submitted to a United States Magistrate Judge for the Middle District of Florida, Tampa Division.

II. **Factual Background**

A. **The Voyage**

6. In June 2000 the M/V INDUSTRIAL BRIDGE (the "Vessel") loaded a cargo of two generators at the port of Masan, Korea for carriage by sea to Houston, Texas. (the "Cargo"). Bills of lading for the Cargo dated October 6, 2000 named Hyundai Heavy Industries Co Ltd of Korea as the Shipper and Siemens of Charlotte, North Carolina as the Consignee. A true and

correct copy of the declaration of Daniel Jones, overseas counsel for Carsten Rehder, dated October 8, 2008. ("Jones Decl."), is attached hereto as **Exhibit A**. *See* ¶ 5.

7. On July 25, 2000 upon inspection of the Vessel in Houston, large quantities of water were found in the cargo hold where the generator sets had been stowed. Both generators were severely damaged and treated as total losses. *Id.*

8. At the time of the voyage and the damage to the Cargo, the Vessel was owned by Bridge Shipping Inc ("the Shipowner") and in the technical management of Carsten Rehder. Carsten Rehder and the Shipowner entered into a shipmanagement contract dated January 12, 2000, pursuant to which Carsten Rehder provided services to the Vessel such as arranging crewing, insurance and technical management (which includes providing personnel to supervise the maintenance of the Vessel, the supply of spares and lubricants, the arrangement of drydocking and repairs, and appointment of surveyors and technical consultants). *Id.* ¶¶ 6-7.

**B.   Declaratory Judgment Proceedings in the U.S.**

9. Siemens presented a claim to the Shipowner alleging that they were the owner of the damaged Cargo and alleging that they had suffered loss and damage. Shortly after this, a declaratory action was filed by the carrier of the cargo (Industrial Maritime Carriers (Bahamas) ("IMC Bahamas")) against Siemens in the United States District Court for the Eastern District of Louisiana, seeking a declaratory judgment that contractual carriers were entitled to limit their liability "per package" to $500, under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq. Id.* ¶ 8.

10. The Eastern District of Louisiana Judge ruled in favor of IMC Bahamas, finding that it was entitled to limit its liability to $500 per package, or $1,000 for both generators. This ruling was affirmed by the United States Court of Appeals for the Fifth Circuit. *Id.* ¶ 9.

### C. The Chinese Proceedings

11. In March 2001, Siemens arrested the Vessel at the port of Shanghai, China. In July 2001 Siemens filed an action in the Shanghai Maritime Court against: (a) Carsten Rehder; (b) Victoria Strait Shipping Inc. and (c) and Industrial Bridge Inc. for the alleged total loss of the generator sets, valued at over US$ 2 million. Both Victoria Strait Shipping Inc. and Industrial Bridge Inc owned the Vessel at various times, but not at the time of the voyage in question, nor at the time of damage to the Cargo. *Id.* ¶ 10.

12. The Defendants to the Shanghai Maritime Court proceeding defended the claim *inter alia* on the grounds that the Chinese court lacked jurisdiction because the Bills of Lading provided for United States law and jurisdiction in the Eastern District of Louisiana. In addition, Siemens did not have standing to sue and there was a lack of privity with the Defendants. On June 25, 2003 the court ruled in favor of the Defendants. Siemens appealed. *Id.* ¶ 11.

13. On appeal, the Shanghai Higher People's Court remanded the case for rehearing. After subsequent hearings, the claims against Industrial Bridge Inc. and Victoria Strait Shipping Inc. were dismissed. During a hearing on December 4, 2007, Siemens argued that Carsten Rehder was liable in tort while Carsten Rehder argued that as the technical manager of the Vessel, it was not responsible for the losses like the Shipowner or the contractual carrier of the Cargo would be. *Id.* ¶ 12-14.

14. In particular, Carsten Rehder argued that under Chinese law, it could not be regarded as the contractual carrier under the Bills of Lading. As technical manager, Carsten Rehder did not own the Vessel, it did not issue or sign the Bills of Lading, was not identified in any way on the Bills of Lading, and was not involved in the carriage of the Cargo. *Id.* ¶ 16.

15. In December 2007, Carsten Rehder's local counsel was advised by the Shanghai

4

Maritime Court Judge that he was likely to render a judgment based on the package limitation under Chinese law, in the amount of SDR 400,000, as a compromise between finding for Siemens in full and declaring that Carsten Rehder was not liable. *Id.* ¶ 14.

16. On February 21, 2008 the Shanghai Maritime Court rendered said judgment in favor of Siemens against Carsten Rehder in the amount of US$601,373.14. This was on the basis that Carsten Rehder was entitled to limit its liability under Chinese law to SDR (Special Drawing Rights) US$400,000, and the rate of conversion applicable was 1 SDR = USD1.56282 (the "Judgment"). The Judgment found that Carsten Rehder was the "actual carrier" wherein a duty of care was owed under Chinese law. *Id.* ¶ 15.

17. Carsten Rehder has appealed the Judgment to the Appeal Court in China (the "Appeal"). The date(s) of the Appeal is presently scheduled for November 10 or 11, 2008. *Id.* ¶ 19.

### D. The Insurance Issue in Aid of the Appeal

18. After the Judgment was rendered, Carsten Rehder learned through connections in the maritime industry that Siemens were paid by their Cargo underwriters for the two damaged generators. *See Id.* ¶ 20, and Exhibit 1, the Affidavit at Law of Matthias Graen dated June 25, 2008. Mr. Matthias Graen, Carsten Rehder's head of accounting, was advised by an employee of insurance brokers AON in Germany that Cargo underwriters had paid Siemens in respect of Siemens' claim under their cargo insurance. *Id.*

19. AON was Siemens' insurance brokers for the purposes of Cargo insurance. Mr. Graen requested that the AON employee confirm the payment information in writing. Said request was subsequently denied without any explanation being provided. *Id.*

### E. Implications of Cargo Loss Payment by AON to Siemens under Chinese Law With Respect to the Appeal

20. Under Chinese law, when insurers pay the claim of their Assured, they then have the right to file a subrogation action in their own name, not the name of the Assured. If the Assured instead files an action in its own name, it may be dismissed on lack of standing grounds. A true and correct copy of the declaration of Vincent Xu, a qualified Chinese lawyer and overseas counsel for Carsten Rehder, dated October 7, 2008. ("Xu Decl."), is attached hereto as **Exhibit B**. *See* ¶ 12.

21. If AON has in fact paid Siemens for the Cargo damage, Carsten Rehder has a standing defense as AON has not pursued the action in China, only Siemens. And the time bar for proceedings in China is two years, with the date of the alleged damage being over eight years ago. *Id.* ¶ 13.

### III. Request for Relief Under 28 U.S.C. § 1782 and Reasons Why Immediate Discovery Is Warranted

22. Carsten Rehder seeks documents not within its possession, custody, or control concerning any insurance claim made by Siemens to cargo underwriters AON, and any insurance payment received by Siemens, for the Cargo damage loss. Although the Judgment is on appeal, Carsten Rehder would be able to submit the documentation to the Appeals Court at the November 10th hearing.

23. An application is necessary here because Carsten Rehder must show under Chinese law that it used its best efforts to obtain the insurance payment documents before seeking judicial intervention from a Chinese court. And in any event, obtaining the Chinese court's assistance is difficult, time consuming, and by no means guaranteed. *See* Xu Decl. ¶ 11.

24. As set forth more fully in its memorandum of law, Carsten Rehder has met the requirements of 28 U.S.C. § 1782.

25. Carsten Rehder is a party to the Chinese Appeal proceeding and therefore an "interested person" within the meaning of 28 U.S.C. § 1782.

26. Before the Appeal hearing is completed, it is critical that Carsten Rehder obtain evidence as to the factual circumstances surrounding the payment by AON to Siemens in connection with the Cargo loss. This evidence will go to the heart of Carsten Rehder's defense at the Chinese Appeal hearing.

27. Moreover, given the inability of Carsten Rehder to obtain the documentation voluntarily from Siemens, AON, or otherwise, judicial intervention and enforcement are necessary.

28. The requested documents, all within this Middle District, are as follows:

  a. Insurance claim made by Siemens to cargo underwriters AON in connection with the Cargo loss; and

  b. Insurance payment receipts received by Siemens for the Cargo damage loss;

29. Based on the foregoing, Carsten Rehder is entitled to an Order pursuant to 28 U.S.C. § 1782 granting the production of documents in aid of foreign proceedings.

**WHEREFORE**, for the foregoing reasons, Petitioner respectfully petitions this Court to issue an Order pursuant to 28 U.S.C. §1782 authorizing the Petitioner to:

1. Obtain the production of documents and records as listed in paragraph 28, all of which are located within the Middle District;

2. Permission to serve further follow-up documentary discovery based on information obtained through this proceeding if necessary; and

3. Such other and further relief which it may deem just and proper.

A proposed order for the Court's consideration is attached hereto as **Exhibit C**.

## MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY VERIFIED PETITION FOR DISCOVERY IN AID OF FOREIGN PROCEEDINGS

### A. PETITIONER IS ENTITLED TO AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS PURSUANT TO 28 U.S.C. § 1782 IN AID OF THE CHINESE APPEAL

#### 1. Carsten Rehder has Satisfied the Statutory Requirements

Section 1782 of Title 28 of the United States Code authorizes a United States District Court, upon petition of an interested person, to order a person residing in the district to give testimony or produce documents for use in a foreign proceeding:

> The District Court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusations. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . To the extent that the order does not provide otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

Carsten Rehder's Petition satisfies all of the statutory requirements found in section 1782 in order for this Court to enter an Order to permit the obtaining of discovery for use in a foreign proceeding. Specifically, Carsten Rehder is an interested party to the Chinese Appeal; the documents sought are within this District; and documents are sought in support of Carsten Rehder's defense in the Chinese Appeal. Thus, all the statutory requirements are satisfied.

Carsten Rehder's application is also strikingly similar to another matter wherein the court ordered a company to produce documents pursuant to 28 U.S.C. § 1782 in connection with insurance claim payments received – said payments which could impact a court proceeding

overseas. In *In re Servicio Pan Americano de Proteccion, C.A.*, 354 F. Supp. 2d 269 (S.D.N.Y. 2004),[1] the petitioner Pan Americano sought documents concerning any insurance claim made, and any insurance payment received by, HSBC bank for the loss of $5.6 million stolen by an employee of Pan Americano. Pan Americano asserted that under Venezuelan law, partial or complete reimbursement by the insurer would deprive HSBC of standing to bring suit. *Id.* at 271. There was an urgency to the petitioner's application because HSBC's appeal of a previous adverse ruling was soon to be decided. If successful, HSBC would proceed to trial and Pan Americano would need the documents in order to assert an affirmative defense. *Id.*

In granting the application, the *Servicio* court recognized that the three statutory requirements were easily met. The petitioner was a defendant in the Venezuelan suit; HSBC was located in the District, along with the claim and payment documentation; and the documents were for use in the Venezuelan court tribunal. *Id.* at 273. As discussed above, the exact same circumstances (save the difference in countries) applies in the matter at bar. The *Servicio* court also addressed certain discretionary factors which should be considered, all of which are also relevant and are discussed more fully below.

### 2. The Discretionary *Intel* Factors Have Also Been Satisfied by Carsten Rehder.

The United States Supreme Court has interpreted §1782 as having a broad application. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004). In determining that §1782 authorizes a federal district court to provide discovery assistance, the Supreme Court specifically rejected the multiple limitations Intel attempted to inject into the interpretation of the statute. *Intel*, 542 U.S. at 256. Rather the Supreme Court adopted a broad and liberal

---

[1] Because of the immediacy of the relief sought and the near exact similar factual and legal circumstances of the case, Petitioner respectfully submits a true and correct copy of this decision hereto as **Exhibit D**.

10

interpretation of the statute and provided guidelines for future application of the statute by federal district courts. *Id.*

Following the Supreme Court's guidance, the United States Court of Appeals for the Eleventh Circuit recognized that "'[t]he purpose of Section 1782 is to liberalize the assistance given to foreign and international tribunals.'" *In re Patricio Clerici*, 481 F.3d 1324, 1333 (11th Cir. 2007) (quoting Hans Smit, *American Assistance to Litigation in Foreign and International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited,* 25 Syracuse J. Int'l L. & Com. 1, 9 (1998)).

In *Clerici*, the Eleventh Circuit encapsulated the factors a court is required to consider when determining whether to exercise its discretion in connection with a section 1782 petition:

> (i) whether 'the person from whom discovery is sought is a participant in the foreign proceeding' because 'the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant';
>
> (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign or the court or agency abroad to U.S. federal-court judicial assistance';
>
> (iii) whether the petition attempts to circumvent foreign discovery restrictions or procedures; and
>
> (iv) whether the request is otherwise 'unduly intrusive or burdensome.'

*In re Weber*, No. 3:07-mc-27-J032MCR, 2007 WL 4285362, at *4 (M.D. Fla. Nov. 30, 2007) (quoting *In re Clerici*, 481 F.3d at 1334, which in turn quoted *Intel*, 542 U.S. at 264-65).

The instant Petition satisfies the requirements of the statute in all respects, as well as the *Intel* factors, and should thus be granted in its entirety.

### 1. Parties to the Foreign Proceeding

If the entity from whom discovery is sought is a party to the underlying foreign proceeding, this fact generally weighs against granting a section 1782 petition because the

"foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264. Of course, there are circumstances where merely being subject to jurisdiction will not suffice for the purposes of ordering discovery. In *Servicio*, for example, although HSBC was a party to the Venezuelan proceeding and therefore subject to its jurisdiction, the court could not order production of the insurance documents because the petitioner was required to have detailed information concerning the "nature and extent of the documentation." 354 F. Supp. 2d at 274. Because HSBC refused to provide this information, and the Venezuelan court could thus not order the document production, the *Servicio* court determined it would exercise its discretion in ordering the evidence be produced. *Id.*

Here, the Xu declaration makes clear that under Chinese law, a Chinese court cannot and will not exercise its power to order documents be produced from a party unless the requesting party seeks the documents first without judicial intervention and is unable to obtain them. *See* Exhibit B ¶¶ 10-11. In particular, Mr. Xu notes, the "applicant party must first establish that there is certain evidence that is in the possession of a particular person, whether a party to the proceedings or not, and then establish that they cannot obtain such evidence although they have used their best efforts so that the <u>inability</u> becomes an objective reason [for the Chinese court's assistance."]. *Id.* ¶ 10. Petitioner has made this application in an effort to meet the "best efforts" requirement under Chinese law.

In many respects, Chinese law presents a Catch-22 for Petitioner. Chinese courts are "generally reluctant to become involved in evidence investigation or collection." *Id.* ¶ 11. Thus, even with Carsten Rehder's "best efforts" by means of making this application, it is by no means assured of a order against Siemens to produce the necessary documents. As such, with the documents located in this District, this Court has the power to assist in the production of

documents which may be dispositive of the Chinese proceeding between Carsten Rehder and Siemens.

### 2. The Chinese Appeal and Procedures

The Supreme Court has implied that there is a presumption in favor of assuming that a foreign court will be receptive to American judicial assistance. *See Intel*, 542 U.S. at 261. In holding that there is no requirement for the evidence obtained to be discoverable in the foreign proceeding, the Court noted that a foreign court might welcome evidence obtained under section 1782 even when it would not have been otherwise obtainable under the foreign court's rules. *Id.* at 261-262; *In re Weber*, 2007 WL 4285362, at *5 ("Court's inquire into the foreign tribunal's attitudes toward discovery from the Untied States should be based only on 'authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782.'")(quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995)).

There is no indication here that the Chinese Appeal court would reject the Siemens documents. Parties in Chinese proceedings are encouraged to submit evidence "that either supports their claim or defends a claim." Xu Decl. Exhibit B ¶ 4. The requested documents certainly would assist Petitioner with its standing defense.[2]

### 3. No Circumvention of Chinese Court

A petitioner seeking relief under 28 U.S.C. § 1782 is not required to "exhaust all [Chinese Court] discovery avenues before seeking discovery through § 1782(a)." *In re Weber*, 2007 WL 4285362, at *5 (collecting cases noting the non-requirement to exhaust discovery

---

[2] One court, in dicta, noted when rejecting a motion for reconsideration of an order dismissing the action on forum non conveniens grounds that the parties to the identical action pending in a Chinese court could "make use of our discovery process to assist foreign litigation, through 28 U.S.C. § 1782." *Malaysia Int'l Shipping Corp. Berhad v. Sinochem Int'l Co.*, No. Civ. A 03-3771, 2004 WL 825466, at *4 (E.D. Pa. Apr. 13, 2004).

remedies in the foreign tribunal before seeking discovery in the United States under §1782); *In re Roz Trading Ltd.*, 469 F. Supp. 2d 1221, 1226 (N.D. Ga. 2006) (same).

As discussed with respect to factor one, *supra*, Carsten Rehder is using its best efforts to obtain these critical cargo underwriter claim and payment documents from Siemens as is required under Chinese law. This cannot therefore be considered a circumvention of Chinese law.

### 4. The Information Sought is Reasonable

In *Servicio*, the court found the petitioner sought "documents related to HSBC's insurance coverage for a single loss on a single day." 354 F. Supp. 2d at 275. This was found to be a reasonable request and HSBC did not even attempt to argue it would be overly burdensome. *Id.* Here, Carsten Rehder makes the exact same request – specific documents targeted to a single loss and single day. As such, Carsten Rehder's request cannot be said to be intrusive or burdensome. *See In re Hallmark Capital Corp.*, 534 F. Supp. 2d 951, 957-58 (D. Minn. 2007) (recognizing targeted document requests located in a centralized area were reasonable).

Having satisfied the statutory requirements and meeting the discretionary factors, this Court should grant Carsten Rehder's relief under 28 U.S.C. § 1782 for the reasons set forth in its emergency verified petition.[3]

                                                          **Respectfully submitted,**
                                                          **HOLLAND & KNIGHT LLP**

                                                          By: _____
                                                          Paul E. Parrish
                                                          Florida Bar No. 373117
                                                          HOLLAND & KNIGHT LLP
                                                          100 N. Tampa St., Suite 4100
                                                          Tampa, FL 33602
                                                          P.O. Box 1288
                                                          Tampa, FL 33601-1288
                                                          Phone: 813-227-8500
                                                          Fax: 813-229-0134
                                                          paul.parrish@hklaw.com

                                                          *Attorneys for Petitioner*

---

[3] Under similar emergency circumstances, the Hon. Mark A. Pizzo, United States Magistrate Judge for the Middle District of Florida granted an application on the same day the emergency verified petition was filed. *See In the Matter of the Application of Armada (Singapore) Pte Ltd.*, Case 8:08-mc-00109-VMC-MAP. A copy of the executed order dated August 14, 2008 is attached hereto as **Exhibit E**.

## VERIFICATION

STATE OF FLORIDA           )
                           :ss.:
COUNTY OF HILLSBOROUGH     )

PAUL E. PARRISH, being duly sworn, deposes and says:

I am a member of the firm of Holland & Knight LLP, counsel for Carsten Rehder Schiffsmakler und Reederei GmbH & Co. ("Petitioner"), in the foregoing action. I have read the foregoing Verified Petition and know the contents thereof, and the same are true and correct to the best of my knowledge. I have reviewed documentation provided to me by Petitioner and corresponded with Petitioner's representatives regarding this matter. I am authorized by Petitioner to make this verification, and the reason for my making it as opposed to an officer or director of Petitioner is that there are none within the jurisdiction of this Honorable Court.

_____
Paul E. Parrish

Sworn to before me this
8th day of October, 2008

_____
Notary Public

LYNDA M. FLEMING
Commission DD 765245
Expires June 20, 2012
Bonded Thru Troy Fain Insurance 800-385-7019

16

## CERTIFICATE OF SERVICE

On this 8th day of October 2008, a copy of the foregoing was served By U.S. Mail on:

Siemens Energy, Inc. a/k/a Siemens Power Generation, Inc.
f/k/a Siemens Westinghouse Power Corporation
4400 Alafaya Trail,
Orlando, Florida 32826-2399

By _____
Holland & Knight LLP

# 5639997_v1