EXHIBIT "B"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IN THE MATTER OF THE APPLICATION
OF CARSTEN REHDER SCHIFFSMAKLER
UND REEDEREI GMBH & CO.,
    Petitioner,

CASE No.: _____

FOR DISCOVERY IN AID OF FOREIGN
PROCEEDINGS PURSUANT TO 28 U.S.C.    **DECLARATION**
§ 1782

_____/

    I,    VINCENT XU, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury under the laws of the United States that the following is true and correct:

    1.    I am VINCENT XU of Ince Hong Kong office. I am a Hong Kong qualified solicitor with the Hong Kong office of the law firm of Ince & Co. I am also qualified as a lawyer in the People's Republic of China (the "PRC") and a registered foreign (PRC) lawyer with the Law Society of Hong Kong. I am a native of Shanghai and am currently working in the firm's Shanghai office. I passed the PRC Lawyers Qualification Examination in August 1998 and obtained PRC lawyer practising license in China in May 2001. Since then I have been practising PRC law. I maintain the status of good standing in the PRC.

    2.    I make this declaration in support of the application of Carsten Rehder Schiffsmakler und Reederei GmbH & Co. pursuant to 28 U.S.C. § 1782 with respect to documentation in the possession of Siemens Westinghouse Power Corporation which has a place

of business in Orlando, Florida.

3. I have been asked to comment on certain issues of Chinese law with respect to discovery in Chinese courts and a party's standing to bring suit in Chinese courts where it has been indemnified for a loss by its insurer. I confirm that I am qualified to address matters concerning Chinese law as I am licensed to practice in Chinese courts, which license I obtained since May 2001.

4. As a preliminary remark, China adopts an inquisitorial procedure as opposed to the adversarial procedure in common law countries. In contrast to common law systems, there is no proceeding under Chinese law equivalent to "Discovery" under common law. In broad terms, parties are not obliged to disclose all evidence relevant to the case. Instead, the parties will only submit evidence that either supports their claim or defends a claim.

5. As part of the inquisitorial system, Chinese courts have general power to carry out investigation and collect evidence if the court deems it necessary. In such circumstances, the Court's investigation does not have to be based upon parties' application. However, the relevant judicial interpretation by the Chinese Supreme Court limits the court's wide exercise of the power by means of expressly listing the circumstances under which the power may be exercised, although the description of the circumstances is quite general.

6. As can be seen from the relevant articles set out below, in the event of the

evidence in respect of the facts merely being in the possession of the parties to the proceedings rather than a third party to the proceedings, the court will not positively carry out investigation nor collect relevant evidence.

7. Article 116 of the Civil Procedure Law provides that "the judges must carefully examine and verify the case materials and carry out investigations and collect necessary evidence." Article 15 of the Supreme People's Court's Several Provisions regarding Evidence in Civil Litigations, issued in 2001, provides that "The evidence that the People's Court consider necessary for the trial of case' referred to in the second paragraph of Article 64 of the Civil Procedure Law means the evidence in respect of :-

(1) the facts that may prejudice the interest/right of the country, the public or other person;

(2) the procedural matters that concerns additional party, stay of proceedings, close of proceedings, avoidance and etc."

8. In addition, theoretically, the Court may also carry out investigation and collect evidence upon the parties' application in certain circumstances. Article 17 of the Supreme People's Court's Several Provisions regarding Evidence in Civil Litigations, issued in 2001, provides that "In any of the following circumstances, the parties concerned and the agent ad litem thereof may plead the people's court to investigate upon and collect evidences:

(1) The evidences applied for investigation and collection are archive files kept by relevant organs of the state and must be accessed by the people's court upon

authority;

(2) The materials concern state secrets, commercial secrets or personal privacy;

(3) Other materials that cannot be collected by the parties concerned or the agents ad litem thereof due to reasons beyond their control."

9. Article 64 of the Civil Procedure Law provides that "If a party or his agent ad litem are unable to collect certain evidence by themselves due to reasons beyond their control, or if the People's Court considers certain evidence necessary for the trial of case, the Court shall investigate and collect such evidence."

10. According to the provisions above, theoretically under Chinese law the parties to PRC proceedings may apply to Chinese court for investigations in the event that they are unable to obtain relevant evidence by themselves due to reasons beyond their control. However, in order to succeed in such an application, the applicant party must first establish that they are *unable* to obtain certain evidence due to *reasons beyond their control*, for example, the evidence is in possession of a third party who refuses to provide the evidence. To be more specific, the applicant party must first establish that there is certain evidence that is in the possession of a particular person, whether a party to the proceedings or not, and then establish that they cannot obtain such evidence although they have used their best efforts so that the *inability* is due to reasons beyond their control. In practice it is likely to be difficult for the applicant party to establish those points mentioned above and obtain the court's assistance.

11. Whether or not the court will approve the parties' application and exercise their power to investigate will be entirely subject to the court's discretion. As I understand it, the Chinese court tends to be very strict in reviewing parties' applications and is generally reluctant to become involved in evidence investigation or collection.

12. Under Chinese law, the right to claim a third party who caused loss of or damage to the insured property will be subrogated to the insurer upon payment of compensation under insurance polity and up to the amount of compensation. Article 252 of the PRC Maritime Code provides that: "Where the loss of or damage to the subject matter insured within the insurance converage is caused by a third person, the right of the insured to demand compensation from the third person shall be subrogated to the insurer from the time when the indemnity is paid."

13. The subrogated insurer shall commence proceeding against the third party in their own name or if the assured has commenced proceeding before compenstaion is made apply to Chinese courts for alteration of parties to the proceeding. In the event that there is a deductable portion under insurance policy, the assured and the insurer shall be co-plaintiffs. the Article 94 of the PRC Special Maritime Procedure Law provides that: "An insurer shall, in exercising the right of subrogation, bring an action in its own name against the third party that caused the accident covered, if no action has been brought by the insured against that third party." Article 95 of the PRC Special Maritime Procedure Law provides that: "An insurer may, in exercising the right of subrogation, apply to the court entertaining the case for an alteration of the party to the proceedings and subrogate the rights of the insured against the third party that caused the

accident covered, if an action has been brought by the insured against that third party. Where the loss of the insured caused by a third party cannot be fully covered under the insurance, the insurer and the insured may act as co-plaintiffs to claim compensation against the third party."

Executed in Shanghai, People's Republic of China, on the 7th day of October, 2008.

_____
VINCENT XU